UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO: 21-cv-62307

ISLANDE LORFILS,

    Plaintiff,

vs.

2599 NW 55TH AVENUE OPERATIONS, LLC
d/b/a NSPIRE HEALTHCARE LAUDERHILL,

    Defendant(s).
_____/

**Complaint for Damages and Equitable Relief – Jury Trial Demanded**

Plaintiff, Islande Lorfils (hereinafter referred to as "Plaintiff"), sues Defendant, 2599 NW 55TH AVENUE OPERATIONS, LLC d/b/a NSPIRE HEALTHCARE LAUDERHILL (hereinafter referred to as "Defendant"), and alleges as follows:

**Introduction**

1. This is an action by Plaintiff, Islande Lorfils (hereinafter referred to as "Plaintiff"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e *et seq.*, as amended by the Pregnancy Discrimination Act, 42 U.S.C.A. § 2000e(k) (hereinafter "Title VII"), the Florida Civil Rights Act of 1992, Fla. Stat. § 760 (hereinafter "FCRA"), and 29 U. S. C. 28 §§ 2601 *et seq.* the Family Medical Leave Act of 1993 ("FMLA") to redress the injury done to Plaintiff by the Defendant refusing to allow her to return from FMLA-protected pregnancy leave and terminating her employment.

## Jurisdiction and Venue

2. This Court has jurisdiction over Plaintiff's Title VII and FMLA claims pursuant to 28 U.S.C. §1331 and §1343.

3. Plaintiff invokes this Court's supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. §1367 because they arise out of the same operative facts as the Title VII and FMLA claims.

4. The venue of this action is properly placed in the Southern District of Florida, Fort Lauderdale Division, pursuant to 28. U.S.C. §1391(b) for the following reasons:

   a) Plaintiff lives in North Lauderdale, Florida;
   b) Plaintiff was employed by Defendant in Lauderhill, Florida;
   c) Defendant's principal place of business is in Lauderhill, Florida; and
   d) the employment practices hereafter alleged to be unlawful were committed Lauderhill, Florida;

all within the jurisdiction of this honorable Court.

## The Parties

5. At all times material hereto, Plaintiff was a resident of North Lauderdale, Florida in Broward County.

6. At all times material hereto, Defendant was, and continues to be, a Florida Limited Liability Company whose principal place of business was located at 2599 NW 55th AVE, Lauderhill, FL 33313 (hereinafter "Lauderhill Location") in Broward County.

7. At all times material hereto, Plaintiff was employed by Defendant at the Lauderhill Location.

8. Plaintiff is a member of protected classes under Title VII and the FCRA because she was a pregnant female.

9. At all times material hereto, Defendant was an employer engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and consequently would qualify as an employer within the meaning of Title VII (42 U.S.C. §§ 2000e (b), (g)) and the FCRA (Fla. Stat. § 760.02(7)).

10. NSPIRE Healthcare is a fictitious name owned by NSPR Care Centers, LLC, and has a mailing address of 5102 West Laurel Street, Suite 700, Tampa, Florida.

11. NSPR Care Centers, LLC d/b/a NSPIRE Healthcare (hereinafter referred to as "NSPIRE Healthcare") is a Delaware Limited Liability Company with matching principal and mailing addresses of 5102 West Laurel Street, Suite 700, Tampa, Florida.

12. NSPIRE Healthcare has 5 separate nursing homes in South Florida within 75 miles of Defendant's location, 2599 NW 55th AVE, Lauderhill, FL 33313.

13. While each of NSPIRE Healthcare's 5 separate nursing homes' entity names are named after the street address like Defendant, all 5 of the nursing homes have the same mailing address as NSPIRE Healthcare at 5102 West Laurel Street, Suite 700, Tampa, Florida.

14. NSPIRE Healthcare's 5 nursing home locations in South Florida 1) NSPIRE Healthcare Tamarac, 2) NSPIRE Healthcare Miami Lakes, 3) NSPIRE Healthcare Plantation, 4) NSPIRE Healthcare Lauderhill, and 5) NSPIRE Healthcare Kendall have common management, interrelated operations, and common ownership and would constitute a "single integrated employer" for the sake of determining the number of employees as applied to FMLA eligibility.

15. At all times material hereto, collectively NSPIRE Healthcare was an employer engaged in an industry affecting commerce who has fifty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and consequently would qualify as an employer within the meaning of the FMLA, (29 U.S.C. § 2611(4)).

16. At all times material hereto, Defendant was an employer engaged in an industry affecting commerce who has fifty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and consequently would qualify as an employer within the meaning of the FMLA, (29 U.S.C. § 2611(4)).

17. Plaintiff requested protected medical leave under the FMLA for the birth of her child as contemplated by 29 U.S.C. § 2612(a)(1)(A).

18. Plaintiff worked more than 1,250 hours for the Defendant in the year preceding her request for leave pursuant to the birth of her child.

19. Plaintiff was an "eligible employee" with respect to FMLA leave as defined in 29 U.S.C. § 2611(2)(a).

**Conditions Precedent**

20. On or about June 23, 2020, Plaintiff filed a Charge of Discrimination with the EEOC and cross-filed that charge with the Florida Commission on Human Relations ("FCHR").

21. On August 24, 2021, the EEOC issued the Notice of Right to Sue granting her the ability to bring this proceeding within 90 days.

22. The present Complaint is being filed within 90 days from the Plaintiff's receipt of the "Notice of Right to Sue."

23. More than 180 days have elapsed from the filing the Charge of Discrimination without the FCHR either conciliating or making a finding adverse to Plaintiff, entitling Plaintiff to bring a civil action under the FCRA.

24. All conditions precedent to this action have been satisfied, have been waived, or would be futile.

**General Allegations**

25. NSPIRE Healthcare owns and operates skilled nursing and short-term rehabilitation facilities throughout South Florida.

26. Defendant is one of NSPIRE Healthcare's nursing and short-term rehabilitation facilities in South Florida.

27. In or about March 2016, Defendant hired Plaintiff to work as a Certified Nursing Assistant ("CNA") in its Lauderhill, Florida location.

28. At all timed material, Plaintiff was qualified for her position with Defendant.

29. In the three plus years Plaintiff worked for Defendant, she never received a performance-related complaint, and she was never subjected to any warnings, reprimands, or discipline of any kind.

30. Plaintiff would typically work "on the floor" for Defendant. Plaintiff's responsibilities while working on the floor were labor intensive and would regularly require her to lift patients to bathe and dress them and required her to push or support them as they moved throughout the facility.

31. In or around January 2019, Plaintiff became pregnant. During the final trimester of her pregnancy, from July through September 2019, Defendant moved Plaintiff to light duty. While

on light duty, the Plaintiff's job duties included monitoring patients, assisting them with eating, talking with them, ensuring they were not in danger of falling, and generally providing care.

32. The only significant modification to Plaintiff's job duties while on light duty was that she would not lift or physically manipulate patients due to her pregnancy accommodation.

33. Plaintiff requested continuous, protected leave under the FMLA on or about September 16, 2019, for the birth of her child.

34. After Plaintiff requested continuous, protected leave under the FMLA, and on or about September 21, 2019, Plaintiff began FMLA maternity leave to give birth and subsequently care for her child.

35. Defendant did not provide Plaintiff a definite return date from her leave, but instead, instructed her to contact them when she was ready to come back, and ensured her that her job would be waiting for her.

36. Defendant made no contact with Plaintiff advising her of her leave period, requesting her return, formalizing the FMLA leave period, or indicating a forthcoming expiration of the leave period prior to expiration.

37. Plaintiff gave birth to her child via Caesarean section and needed light duty accommodations upon her return to work for the Defendant while she recovered from the surgery.

38. Plaintiff obtained a doctor's note to substantiate her request for light duty accommodations until she had fully healed from the surgery.

39. On or about December 15, 2019, Plaintiff contacted her supervisor, Marva Brissett, to resume light duty.

40. Brissett told Plaintiff that accommodating her with light duty would not be a problem, and that even though Plaintiff had a doctor's note, it was not needed.

41. It would not be a hardship on Defendant to allow Plaintiff to resume working under light-duty until she fully healed from surgery which was evident because Defendant granted this request prior to the birth and the facility staffed many CNAs in many positions.

42. On or about December 19, Plaintiff followed up with Ms. Brissett to let her know she was available to begin her shifts. Ms. Brissett ignored Plaintiff's request to return and did not respond to the text message.

43. On December 23, 2019, Plaintiff again followed up with Ms. Brissett to return to work. This time Brissett responded, "Ok You will have to reapply if you don't bring in a doctor's note since your time for leave of absence has expired."

44. Plaintiff Responded immediately to Ms. Brissett reiterating, "I have a doctor note."

45. Again, Ms. Brissett ignored Plaintiff's communication and failed to allow her to return to work.

46. Plaintiff contacted Defendant's administration and informed it that Ms. Brissett would not allow her to return to work after giving birth.

47. The administrator told Plaintiff to reapply for the position.

48. Plaintiff reapplied for the position, but Defendant again ignored her requests and failed to reinstate her.

49. Defendant terminated Plaintiff's employment based on her pregnancy and/or leave requests under the pretext that Plaintiff allowed her leave period to expire even though that period was never communicated to Plaintiff and Defendant told Plaintiff, "When she was ready to return, her job would be waiting for her."

50. Plaintiff was harmed by Defendant's actions.

51. Plaintiff retained the below counsel to advocate for her in this action and has agreed to pay a reasonable attorneys' fees.

### Count I: Pregnancy Discrimination in Violation of the FCRA

52. Plaintiff, realleges and adopts, as if fully set forth in this Count, all the allegations in ¶¶ 1-51.

53. The FCRA provides at § 760.10(1), Fla. Stat.:

It is an unlawful employment practice for an employer:

(a) To discharge or…discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

(b) To limit,…or classify employees…in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

54. Plaintiff is a member of a protected class under the FCRA based upon her status as a pregnant woman.

55. Plaintiff's pregnancy was a substantial motivating cause of her being treated differently than other employees.

56. The aforementioned discriminatory conduct of the Defendant and its agents, proximately, directly, and foreseeably caused plaintiff damages, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

57. Plaintiff has no plain, adequate, or complete remedy at law for Defendant's actions, which have caused, and continue to cause, irreparable harm.

58. Defendant's discrimination against Plaintiff, of which Defendant's higher management was aware and which it ratified, was in such reckless disregard of Plaintiff's statutory rights against discrimination as to entitle Plaintiff to an award of punitive damages against Defendant to punish it and dissuade such conduct in the future.

59. Plaintiff is entitled to recover attorneys' fees and litigation expenses under the FCRA.

WHEREFORE, Plaintiff prays that this Court will:

   a. declare that Defendant' actions were in violation of the of the FCRA;

   b. award Plaintiff economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

   c. award Plaintiff noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct;

   d. award Plaintiff punitive damages;

   e. award Plaintiff her attorneys' fees and litigation expenses; and

   **f.** grant such other relief as this Court deems just and equitable under the circumstances of this case.

### Count II: Pregnancy (Sex) Discrimination in Violation of Title VII

60. Plaintiff, realleges and adopts, as if fully set forth in this Count, all the allegations in ¶¶ 1-51.

61. Pursuant to Title VII, 42 U.S.C. §2000e Section 703 (a), "It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms,

conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify its employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

62. Title VII, at 42 U.S.C. § 2000e (k) provides that discrimination based on sex includes discrimination based on pregnancy.

63. Defendant willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her pregnancy, in violation of Title VII, by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, inter alia, terminating Plaintiff's employment due to her pregnancy, childbirth, and necessary recovery time post Caesarian section.

64. Plaintiff's pregnancy was a motivating factor in Defendant's decision to terminate Plaintiff.

65. Defendant's violations of Title VII were willful because its managers engaged in the above-described actions while knowing that those actions were impermissible under the law and were upheld and supported by Defendant's administration once it was notified.

66. The aforementioned discriminatory conduct of the Defendant and its agents, proximately, directly, and foreseeably caused plaintiff damages, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff prays that this Court will:

    a.    declare that Defendant's actions were in violation of Title VII;

  b.  award Plaintiff economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

  c.  award Plaintiff noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct;

  d.  award Plaintiff punitive damages;

  e.  award Plaintiff her attorneys' fees and litigation expenses; and

  f.  grant such other relief as this Court deems just and equitable under the circumstances of this case.

### Count III: Failure to Accommodate in violation of the FCRA

67. Plaintiff, realleges and adopts, as if fully set forth in this Count, all the allegations in ¶¶ 1-51.

68. Plaintiff was a protected individual under the FCRA because she was a recently pregnant female recovering from a Ceasarian section which she underwent during the birth her child.

69. Plaintiff was able to perform the essential functions of her job with light-duty accommodations and did so for several months prior to her taking protected medical leave without issue.

70. Plaintiff performed the essential functions of her job without issue for years prior to her pregnancy.

71. Plaintiff requested the same light-duty accommodations that were in place during the third trimester of her pregnancy, to return to work without lifting or physically manipulating patients.

72. Defendant refused to grant Plaintiff's request for accommodations and instead failed to return her to work and terminating her employment following the birth of her child.

73. The aforementioned discriminatory conduct of the Defendant and its agents, proximately, directly, and foreseeably caused plaintiff damages, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

74. Plaintiff has no plain, adequate, or complete remedy at law for Defendant's actions, which have caused, and continue to cause, irreparable harm.

75. Defendant's discrimination against Plaintiff, of which Defendant's higher management was aware and which it ratified, was in such reckless disregard of Plaintiff's statutory rights against discrimination as to entitle Plaintiff to an award of punitive damages against Defendant to punish it and dissuade such conduct in the future.

76. Plaintiff is entitled to recover attorneys' fees and litigation expenses under the FCRA.

WHEREFORE, Plaintiff prays that this Court will:

    a. declare that Defendant's actions were in violation of the FCRA;

    b. award Plaintiff economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c. award Plaintiff noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct;

    d. award Plaintiff punitive damages;

    e. award Plaintiff her attorneys' fees and litigation expenses; and

  f. grant such other relief as this Court deems just and equitable under the circumstances of this case.

### Count IV: Failure to Accommodate in Violation of Title VII

77. Plaintiff, realleges and adopts, as if fully set forth in this Count, all the allegations in ¶¶ 1-51.

78. Plaintiff was a protected individual under Title VII because she was a recently pregnant female recovering from a Ceasarian section which she underwent during the birth her child.

79. Plaintiff was able to perform the essential functions of her job with light-duty accommodations and did so for several months prior to her taking protected medical leave without issue.

80. Plaintiff performed the essential functions of her job without issue for years prior to her pregnancy.

81. Plaintiff requested the same light-duty accommodations that were in place during the third trimester of her pregnancy, to return to work without lifting or physically manipulating patients.

82. Defendant refused to grant Plaintiff's request for accommodations and instead failed to return her to work and terminating her employment following the birth of her child.

83. The aforementioned discriminatory conduct of the Defendant and its agents, proximately, directly, and foreseeably caused plaintiff damages, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

84. Plaintiff has no plain, adequate, or complete remedy at law for Defendant's actions, which have caused, and continue to cause, irreparable harm.

85. Defendant's discrimination against Plaintiff, of which Defendant's higher management was aware and which it ratified, was in such reckless disregard of Plaintiff's statutory rights against discrimination as to entitle Plaintiff to an award of punitive damages against Defendant to punish it and dissuade such conduct in the future.

86. Plaintiff is entitled to recover attorneys' fees and litigation expenses under the Title VII.

WHEREFORE, Plaintiff prays that this Court will:

    a. declare that Defendant's actions were in violation of the Title VII;

    b. award Plaintiff economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c. award Plaintiff noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct;

    d. award Plaintiff punitive damages;

    e. award Plaintiff her attorneys' fees and litigation expenses; and

    f. grant such other relief as this Court deems just and equitable under the circumstances of this case.

### Count V: Interference in Violation of the FMLA

87. Plaintiff, realleges and adopts, as if fully set forth in this Count, all the allegations in ¶¶ 1-51.

88. Plaintiff was an eligible employee for protected leave as defined by the FMLA.

89. Defendant was an employer as defined by the FMLA.

90. Plaintiff attempted to exercise her rights under the FMLA by requesting continuous leave for the birth of her child.

91. Defendant interfered with Plaintiff's lawful exercise of her rights by failing to communicate with Plaintiff regarding the duration of her leave time and her expected return date, and failing to return Plaintiff to work upon the conclusion of her leave.

92. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

93. As a direct, natural, proximate, and foreseeable result of Defendant's interference with Plaintiff's exercise of her rights under the FMLA, Plaintiff has suffered damages, including, but not limited to, lost wages and benefits.

94. Plaintiff is entitled to liquidated damages because Defendant did not act in good faith when failing to return Plaintiff to work following the birth of her child. This is supported by Defendant upholding the termination after Plaintiff spent weeks trying to get her position back, going to the administration for Defendant, and reapplying for her position.

WHEREFORE, Plaintiff prays that this Court will:

    a. declare that Defendant's actions were in violation of the FMLA;

    b. award Plaintiff economic damages, including but not limited to lost wages, lost employment benefits, including back pay and front pay; pre-judgment interest; and liquidated damages;

    c. award Plaintiff her attorneys' fees and litigation expenses; and

    d. grant such other relief as this Court deems just and equitable under the circumstances of this case.

### Count VI: Retaliation in Violation of the FMLA

95. Plaintiff, realleges and adopts, as if fully set forth in this Count, all the allegations in ¶¶ 1-51.

96. Defendant, motivated by retaliatory animus because of Plaintiff's exercise of her right to FMLA leave, willfully and intentionally violated the anti-retaliation provisions of § 105(a) of the Family Medical Leave Act of 1993 by terminating Plaintiff from employment.

97. As a direct, natural, proximate, and foreseeable result of Defendant's intentional retaliation because of Plaintiff's exercise of her rights under the FMLA, Plaintiff has suffered damages, including, but not limited to, lost wages and benefits.

98. Plaintiff is entitled to liquidated damages because Defendant did not act in good faith when terminating Plaintiff. This is supported by Defendant upholding the termination after Plaintiff spent weeks trying to get her position back, going to the administration for Defendant, and reapplying for her position.

99. Plaintiff is entitled to reasonable attorneys' fees and costs and expenses of this action pursuant to the FMLA, 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff prays that this Court will:

    a. declare that Defendant's actions were in violation of the FMLA;

    b. award Plaintiff economic damages, including but not limited to lost wages, lost employment benefits, including back pay and front pay; pre-judgment interest; and liquidated damages;

    c. award Plaintiff her attorneys' fees and litigation expenses; and

    d. grant such other relief as this Court deems just and equitable under the circumstances of this case.

**Jury Trial Demand**

Plaintiff demands trial by jury on all issues so triable.

Dated this 9th day of November, 2021.

                Respectfully submitted,

                **Brenton Legal P.A.**
                *Counsel for Plaintiff*
                1070 E. Indiantown Rd., Suite 400
                Jupiter, FL 33477
                Phone: 954-639-4644
                Service: eservice@brentonlegal.com

        By:  */s/ Christopher A Fennell*
                Christopher A Fennell
                Florida Bar No.: 113546
                CAF@BrentonLegal.com
                Ryan Brenton
                Florida Bar No.: 107675
                rcb@brentonlegal.com
                Travis Beal
                Florida Bar No.: 104890
                tjb@brentonlegal.com